E-FILED
Thursday, 24 March, 2005  08:44:02 AM
Clerk, U.S. District Court, ILCD

RECEIVED
MAR 1 0 2005
JOHN M. WATERS, CLERK
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

FILED
MAR 2 1 2005
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

IN THE UNITED STATES DISTRICT COURT FOR THE PEORIA DISTRICT OF ILLINOIS

COSME-SILVA, FROILAN )    ALIEN NO. A23-223-143
                      )
PETITIONER/DEFENDANT  )    CIVIL NO. 05-1075
                      )
      - v -           )
                      )
UNITED STATES OF AMERICA )  TITLE 28 U.S.C. §2241
                      )
RESPONDENT/PLAINTIFF  )
                      )    MOTION FOR RELEASE FROM THE
                      )    IMMIGRATION HOLD
                      )

MOTION  FOR  RELEASE  FROM  THE  IMMIGRATION  HOLD

COSME-SILVA FROILAN ACTING IN PROPRIA PERSONA

Coseme-Silva Froilan
Iowa-2, #01320-131
P. O. Box 5000
Pekin, Illinois
    61555-5000

U.S. District Court
Clerk of the Court
John M. Waters
309 Federal Building
100 N.E. Monroe Street
Peoria, Illinois 61602

# QUESTION POSED

1. WHETHER PETITIONER IS BEING HELD UNCONSTITUTIONALLY IN LIGHT OF THE LATEST UNITED STATES SUPREME COURT RULINGS IN <u>A NEIL CLARK, FIELD OFFICE DIRECTOR, SEATTLE, WASHINGTON, IMMIGRATION AND CUSTOMS ENFORCEMENT, ET AL., V. MARTINEZ</u>, CASE NO. 03-878, JANUARY 12, 2005 ?

2. WHETHER PETITIONER IS ENTITLED FOR IMMEDIATE RELEASE ?

TABLE OF CONTENTS                                    PAGE(S)

<u>MOTION FOR RELEASE FROM THE IMMIGRATION HOLD</u>   .   .   . cover

<u>QUESTIONS POSED</u>   .   .   .   .   .   .   .   . i

<u>TABLE OF CONTENTS</u> .   .   .   .   .   .   .   . ii

<u>STATEMENT OF FACTS</u>.   .   .   .   .   .   .   . iii-v

<u>STATEMENT OF CASE</u> .   .   .   .   .   .   .   . vi

<u>PETITIONER ACTING IN PROPRIA PERSONA</u>.   .   .   .   . 1

<u>MEMORANDUM OF LAW</u> .   .   .   .   .   .   .   . 2-4

<u>CLAIM UPON WHICH RELIEF MAY BE GRANTED</u>   .   .   .   . 4

<u>PRAYER FOR RELIEF</u> .   .   .   .   .   .   .   . 4

<u>CERTIFICATE OF SERVICE</u> .   .   .   .   .   .   . 5

S T A T E M E N T   O F   F A C T S

On June 5, 1980, Petitioner/Cosme-Silva Froilan, made entry into the United States at Key West, Florida, as a Mariel Cuban Refugee. Entry for this Petitioner was excludable pursuant to Section 212 (a) (20) and 212 (a) (9), of the Immigration and Nationality Act.

On July 29, 2003, Petitioner was convicted of Felony Domestic Assault in, St. Louis, Missouri.

On February 19, 2004, the Associate Commissioner for Enforcement directed that Petitioner's parole status be revoked, pursuant to Title 8, Code of Federal Regulations, Part 212.12 (h) (2), and Part 212.12 (h) (4). Petitioner was then ordered remanded into custody of the United States Bureau of Immigration and Customs Enforcement.

Petitioner has since been in custody although his time of sentencing is now through. The offense of Domestic Assault in Missouri Circuit Court, Twenty-Second Judicial Circuit, St. Louis, Missouri, on December 8, 2001 has been adjudicated. Cause No. 011-4749, Division Circuit 12. A detainer has been placed by the Immigration and Naturalization Service.

- iii -

S T A T E M E N T   O F   F A C T S   (Cont.)

The Cuban Parole Review Plan, United States Department of Homeland Security, Immigration and Customs Enforcement, Washington, D.C., rendered its FINAL NOTICE OF PAROLE DENIAL on October 4, 2004. Pursuant to 8 CFR 212.12, Immigration and Customs Enforcement will reconsider Petitioner's parole status within one year of the date of their denial. Petitioner believes that by serving all this time previous to the denial of parole was very difficult but I have nevertheless demonstrated good behavior as well as a repentent attitude.

Petitioner is no longer a danger to public safety, has learned restraint, control, peace, and religion with new spirituality. Indeed, Petitioner is seeking a chance to demonstrate his maturity and understanding through other peoples help, reading self-help books, prayer, meditation and true belief in living life in peace.

There is no flight risk and no new disciplinary infractions nor shall there be as I have learned the error of my ways. The past criminal behavior is just that, it has past, I served time and should not be held continuously responsible for something which is through, parole over, time finished. Petitioner's mental health is far better than any time in the past, as maturity, forgiveness and hope brings to a person with the peace that surpasses all human understanding.

- iv -

S T A T E M E N T   O F   F A C T S   (Cont.)

Petitioner's education is by far advanced since incarcerated for the last year and continues to this very day. I look forward to when I might go to school, visit libraries, and seek knowledge that was not available in Cuba. The United States has allowed me to further learning in a profound manner only recently discovered through books and interested inmates who have become my friends.

Petitioner has a job ready for him and a home to live at: Angela Jones, 3915 Iowa, St. Louis, Missouri 63118, phone number (314) 771-7635. People are waiting for me to come home, work, earn an honest living, attend church. Surly this sentence must be tempered with mercy, hope, sincerity, compassion and reasonableness.

There is an Affidavit from Angela Jones which states:
" I have signed affidavits in the past stating the same remarks I make again in this affidavit. Froilan Silva did nothing to me that I have not recovered from. The Police overreacted in their statements and remarks. Check the records and see, I have been on his side ever since the incident that took place on December 8, 2001. Froilan Silva is my boyfriend and I care very much about him. Although he is in jail right now, I am still his girlfriend and have been and will continue to support him through this situation. I request that he please be released from jail."

- v -

S T A T E M E N T   O F   C A S E

Petitioner has filed a REQUEST FOR RELEASE FROM DETENTION to the Immigration and Customs Enforcement under CFR 241.4 (h)(2), which states in part, the Field Office Director will provide written notice to the detainee aproximately 30 days in advance of the pending records review so that the alien may submit information in writing in support of his release. I have waived the 30-day written notice and request an expedited review of my case. I have no case pending in any court at this time.

Petitioner's Social Security Number is #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. My date of birth is, October 5, 1962. I have no other records, legal papers or documents.

Petitioner is indigent and is sending a forma pauperis form with this motion for release from immigration.

Petitioner request that appointment of counsel be granted in order to expedite these proceedings in accordance with the latest United states Supreme Court rulings.

IN THE UNITED STATES DISTRICT COURT FOR

THE PEORIA DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| COSME-SILVA FROILAN<br>PETITIONER/DEFENDANT | ) <br> ) <br> ) <br> ) <br> ) | ALIEN NO. A23-223-143 <br> CIVIL NO. _____ |
| - v - | ) <br> ) | |
| UNITED STATES OF AMERICA<br>RESPONDENT/PLAINTIFF | ) <br> ) <br> ) <br> ) | TITLE 28 U.S.C. §2241 <br><br> <u>MOTION FOR RELEASE FROM THE</u> <br> <u>IMMIGRATION HOLD</u> |

MOTION FOR RELEASE FROM IMMIGRATION HOLD

<u>TO THE HONORABLE U.S. DISTRICT COURT:</u>

NOW HERE COMES, Petitioner/Defendant, Cosme-Silva Froilan, acting in propria persona and in want of counsel, requests that this Honorable Court grant this MOTION FOR RELEASE FROM THE IMMIGRATION HOLD because it is in violation of the United States Supreme Court rulings and the Due Process of Law Clause of the U.S. Constitution's Fifth Amendment.

- 1 -

M E M O R A N D U M    O F    L A W

NOW HERE COMES, Petitioner/Froilan, in good faith and states that he is untrained in the field of law and should not be held to the standards of a professional attorney, in regards to the specific rules and regulations which might otherwise hinder and impede this MOTION FOR RELEASE FROM THE IMMIGRATION HOLD which is preventing the freedom accorded certain Cubans from enjoying.

As the U.S. Supreme Court previously ruled in Zadvydas v. Davis, 533 U.S. 678,

> "[t]his Court interpreted §1231(a)(6) to authorize the detention of aliens who have been admitted to the country only as long as 'reasonably necessary' to effectuate their removal."

Contrary to the government's argument, nothing in Zadvydas indicates that §1231(a)(6) authorizes detention until it approaches constitutional limits. Furthermore, Zadvydas, the Court held that the presumptive period during which an alien's detention is reasonably necessary to effectuate removal is six months, and that he must be conditionally released after that time if he can demonstrate that there is "no significant likelihood of removal in the reasonably foreseeable future." 533 U.S. at 701.

There is indeed, no likelihood that a reasonably foreseeable future of removal is warranted.

Now here comes the latest case from the Supreme Court in, <u>A. Neil Clark, Field Office Director, Seattle, Washington, Immigration and Customs Enforcement, Et al., v. Martinez</u>, Case No. 03-878 and 03-7434, decided January 12, 2005. Justice Scalia delivered the opinion of the Court,

> " An alien arriving in the United States must be inspected by the immigration official, 66 Stat. 198, as amended, 8 U.S.C. §1225(a)(3), and, unless he is found, 'clearly and beyond a doubt entitled to be admitted,' must generally undergo removal proceedings to determine admissibility, §1225(b)(2)(A). Meanwhile the alien may be detained, subject to the Secretary's discretionary authority to parole him into the country. See 8 U.S.C. §1182(d)(5); 8 CFR §212.5 (2004)."

Title 8 U.S.C. §1231(a)(6) provides, in relevant part:

> " An alien ordered removed who is inadmissible under section 1182 of this title, removable under section 1227(a)(1)(C), 1227(a)(2), or 1227(a)(4) of this title or who has been determined by the [Secretary] to be a risk to the community or unlikely to comply with the order of removal, may be detained beyond the removal period and, if released, shall be subject to the terms of supervision in paragrapg (3)."

Once removal is no longer reasonable, as in this particular case at hand, continued detention is no longer authorized. The U.S. Supreme Court also stated that the presumptive period during which the detention of an alien is reasonably necessary to effectuate his removal is six months. Petitioner/Froilan has been held for over a year now and must be released accodring to law.

- 3 -

Petitioner claims that <u>Zadvydas</u> did not hold that the statute authorizes detention until it approaches constitutional limits; it held that, since interpreting the statute to authorize indefinite detention would approach constitutional limits, the statute should read to authorize detention only for a period consistent with the purpose of effectuating removal.

Justice O'Conner concurring stated that,

> " Finally, any alien released as a result of today's holding (in Martinez) remains subject to the conditions of supervised release. See 8 U.S.C. §1231(a)(3); 8 CFR §241.5 (2004). And, if he fails to comply with the conditions of release, he will be subject to criminal penalties - including further detention."

## C O N C L U S I O N

Petitioner/Froilan, with all due respect and in good faith, herby requests that he be released under this new Court ruling because he has no reasonable time for foreseeable removal.

### CLAIM UPON WHICH RELIEF MAY BE GRANTED

1. Petitioner is being held beyond the statutory time limit of six months.

### PRAYER FOR RELIEF

1. Court should grant immediate release.

- 4 -

C E R T I F I C A T E   O F   S E R V I C E

I, Petitioner/Defendant, Cosme-Silva Froilan, acting in propria persona and in want of counsel, do hereby swear under the penalty of perjury that a true and correct copy(s) of this MOTION FOR RELEASE FROM IMMIGRATION HOLD, was mailed, postage prepaid, from the FCI-Pekin, Illinois legal mailbox and sent to the parties listed below on the _10_ day of _March_, 2005.

Mailed to:

Respectfully Submitted,

*[signature: Froilan C. Silva]*

U.S. District Court
Clerk of the Court:
John M. Waters
309 Federal Building
100 N.E. Monroe Street
Peoria, Illinois 61602

Cosme-Silva Froilan
Iowa-2, Alien No. A23-223-143
P. O. Box 5000
Pekin, Illinois 61555-5000

U.S. Attorney
Jan Paul Miller
211 Fulton St., Suite 400
Peoria, Illinois 61602

- 5 -