E-FILED
Friday, 22 April, 2005  09:48:27 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
AT PEORIA

| | |
|---|---|
| COSME-SILVA FROILAN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 05-1075 |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS
BROUGHT PURSUANT TO 28 U.S.C. § 2241**

Now comes the respondent, by and through its attorneys, Jan Paul Miller, United States Attorney for the Central District of Illinois, and Bradley W. Murphy, Assistant United States Attorney, and for its response to the petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2241, states as follows:

**FACTS**

On June 5, 1980, the petitioner entered the United States at Key West, Florida, as a Mariel Cuban Refugee. (R.3,piii)[1] After being convicted of felony domestic violence, on February 19, 2004, the petitioner's parole status was revoked pursuant to 8 C.F.R. §§ 212.12(h)(2) and 212(h)(4), the petitioner was ordered detained, and remanded to immigration custody. (R.3,p.iii) On

---

[1] References to the documents in the record are to the docket number on the district court's docket sheet, *e.g.*, "R.__"; documents to the Appendix of Respondent are to "App.___."

March 10, 2004, the petitioner was placed in BOP custody as an Immigration and Naturalization Service Detainee. (App.5)

On March 24, 2005, the petitioner filed the instant petition for writ of habeas corpus by a person in federal custody pursuant to 28 U.S.C. § 2241, asking to be released from immigration detention. (R.3)  At the time, he was incarcerated at the Federal Correctional Institution (FCI) in Pekin, Illinois. (App.2,4)

In his petition, the petitioner relies on *Clark v. Martinez*, 125 S.Ct. 716 (2005), where the Supreme Court held that the "six-month presumptive detention period" prescribed in *Zadvydas v. Davis*, 533 U.S. 678 (2001), also applies to aliens held removed because they are inadmissible under 8 U.S.C. § 1182. *Martinez*, 125 S.Ct. at 722, 727.  Therefore, detainees who have been ordered removed, but continue to be detained for more than six months, are entitled to be released from custody while they are awaiting removal, unless there is a "substantial likelihood of removal" in the near future. *Id*. at 727. Because he has been held in custody for more than six months since he was ordered removed, the petitioner claims he should immediately be released from custody. (R.3,p.4)

On April 11, 2005, the Office of Detention and Removal Operations notified the petitioner that Immigration and Customs Enforcement (ICE) had

reviewed his case and determined that he could be released from ICE custody pending his removal from the United States. (App.7) On April 19, 2005, the petitioner was released from FCI Pekin. (App.1,2,4)

## DISCUSSION

The issues the petitioner raises are now moot and this Court should dismiss the petition for writ of habeas corpus.

A moot case is one in which a controversy once existing between the parties has ceased to exist due to some change in circumstances after the case arose. Mootness has two aspects. First, either the "issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *United States Parole Commission v. Geraghty*, 445 U.S. 388, 396 (1980), *citing Powell v. McCormack*, 395 U.S. 486, 496 (1969); *Bd. of Ed. of Downers Grove Grade Sch. Dist. No. 58 v. Steven L.*, 89 F.3d 464, 467 (7th Cir. 1996). Second, a matter is moot when it can be said with assurance that events have eradicated the effects of the alleged violation and there is no reasonable expectation that the alleged violation will recur. *Los Angeles County v. Davis*, 440 U.S. 625, 631 (1979).

These conditions are satisfied in the instant case because the petitioner was provided with the relief he sought, relief from custody. As a result, a "live case or controversy" no longer exists and dismissal is warranted. *See, e.g., Tobin For*

*Governor v. Illinois State Bd. of Elections*, 268 F.3d 517, 528-29 (7th Cir. 2001).

## CONCLUSION

Based on the above, this Court should dismiss the petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2241.

Respectfully submitted,

UNITED STATES OF AMERICA

JAN PAUL MILLER
UNITED STATES ATTORNEY


s/ Bradley W. Murphy
Assistant United States Attorney

Office of the United States Attorney
211 Fulton Street, Suite 400
Peoria, IL  61602
Telephone: 309/671-7050

## CERTIFICATE OF SERVICE

I hereby certify that on April 22, 2005, I electronically filed the foregoing Motion to Dismiss Petition for Writ of Habeas Corpus Brought Pursuant to 28 U.S.C. § 2241 and Appendix with the Clerk of the Court using the CM/ECF system, and I hereby certify that a copy of the Response and Appendix has been made on the petitioner by depositing a copy thereof in the United States mail, postage prepaid, addressed to:

Cosme-Silva Froilan
1930 Beach
Broadview, IL 60153

                                                           s/ Stephanie Pennington
                                                           Paralegal Specialist